David W. Brody, CSB 112373
Kenneth R. Shemwell, CSB 279832
BRODY & SHEMWELL, APC
1350 Columbia Street, Suite 403
San Diego, California 92101
Telephone: (619) 546-9200
Facsimile: (619) 546-9270
E-mail: dbrody@brody-law.com

Attorneys for Secured Creditor
CALIFORNIA BANK OF COMMERCE

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CENTURY DESIGN, INC.,<br><br>Debtor. | Case No. 25-03975-CL11<br><br>STIPULATION FOR PLAN TREATMENT BETWEEN SECURED CREDITOR CALIFORNIA BANK OF COMMERCE AND DEBTOR CENTURY DESIGN, INC.<br><br>Chapter 11<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>HONORABLE CHRISTOPHER B. LATHAM<br><br>[Hearing not required, unless requested] |

Secured Creditor California Bank of Commerce ("Bank" and/or "Secured Party") and Debtor Century Design, Inc. ("Debtor"), by and through their counsel of record, hereby enter this Stipulation for Treatment of the Bank's Claim ("Stipulation") based on the following:

I.

RECITALS

A.     On or about September 26, 2014, the Debtor executed a U.S. Small Business Administration ("Note") in the original principal amount of $1.3 million ("Loan") in favor of the Bank. The original maturity date of the Note was October 1, 2022, but the Bank extended the maturity date one year to October 1, 2023 in connection with a Forbearance Agreement executed

in favor of the Bank.

B. To secure repayment of the Note, on September 26, 2014, the Debtor executed a Commercial Security Agreement granting the Bank a first-priority security interest in substantially all personal property owned by the Debtor, including, but not limited to, all inventory, accounts, equipment, deposit accounts, chattel paper, fixtures, instruments, money, other rights to payment and performance, and general intangibles, as more fully set forth in the Commercial Security Agreement (the "Collateral").

C. The Bank's first-priority security interest in the Collateral is perfected by the filing of a UCC-1 Financing Statement, filed on September 12, 2014 as Document No. 14-7428065118, the effectiveness of which was extended by the filing of subsequent Continuation Statements. The Note, Commercial Security Agreement, and UCC-1 Financing Statements are collectively referred to herein as the "Loan Documents."

D. The Debtor defaulted on the Note by failing to repay all sums due and owing at maturity.

E. On February 1, 2024, the Bank subsequently filed a lawsuit in the San Diego Superior Court as Case No. 37-2024-00004682-CU-BC-CTL to reduce the debt to judgment. On 1, 2025, Judgment was entered in the amount of $214,016.79 ("Judgment") in favor of the Bank and against the Debtor, Keith McConnell, and KMC Equity, Inc ("Guarantors").

**Jurisdiction and Venue**

F. On September 26, 2025 ("Petition Date"), the Debtor filed the instant bankruptcy case under Chapter 11, Subchapter V of Title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of California, Case No. 25-03975-CL11 (the "Bankruptcy Case").

G. This Court has jurisdiction over the bankruptcy case, the parties, and the property affected thereto, pursuant to 28 U.S.C. §§ 157(b) and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409.

///

///

II. The Bank and the Debtor have met and conferred regarding the treatment of the Bank's claim through any Chapter 11 plan of reorganization proposed by the Debtor and have agreed to enter into this Stipulation to memorialize the terms.

IT IS HEREBY STIPULATED AGREED TO between Debtor and Bank as follows:

## II.

## **STIPULATION**

1. <u>Recitals</u>. The Recitals outlined above are hereby incorporated in full as part of this Stipulation, and Bank and Debtor (collectively, "Parties") agree that the contents of the Recitals are true and correct.

2. <u>Validity of Bank's Debt</u>. As of the Petition Date, the Bank is owed the principal sum of $214,016.79, plus accrued interest thereon at the legal rate of 10.0% per annum, attorneys' fees and costs. The indebtedness evidenced by the Loan Documents and Judgment is valid and enforceable against the Debtor. The Bank's security interest is in first-position against the Collateral. The Debtor acknowledges and agrees that as of the date of this Stipulation, there are no disputes, offsets, defenses, reductions, and/or counterclaims as to the amount of the debt the Debtor owes to the Bank.

3. <u>Treatment of Bank's Claim</u>. The Bank shall have an allowed fully Secured Claim in the amount of $238,260.67 ("Secured Claim"), which is compromised as follows as of November 7, 2025:

| | |
|---|---|
| Judgment Principal | $ 214,016.79 |
| Interest (as of 11/7/25) | $ 7,563.88 |
| Estimated Attorneys' Fees (as of 10/31/25) | $ 16,680.00 |
| **Total** | **$ 238,260.67** |

The Debtor expressly agrees that the Bank is an oversecured creditor within the meaning of 11 U.S.C. 506(b). The Debtor also agrees that the attorneys' fees listed herein are estimated and will continue to increase.

///

//

4. The Bank's Secured Claim shall be repaid as follows:

    a. Monthly payments of $4,000.00 per month, commencing on December 1, 2025, and continuing on the first calendar of each successive month thereafter for fifty-nine (59)

    b. Interest will continue to accrue on declining outstanding balance at the rate of 7.50% per annum;

    c. The remaining unpaid balance shall be all due and payable on the sixtieth (60th) month, that is, December 1, 2030.

5. <u>Incorporation into Chapter 11 Plan.</u> The terms contained in this Stipulation shall be incorporated into, and shall govern the treatment of the Bank's Allowed Secured Claim in any Chapter 11 plan filed by the Debtor.

6. <u>Claim Treatment.</u> The Bank agrees that payment terms contained in this Stipulation shall constitute the agreed-upon treatment of the Bank's Secured Claim in any Chapter 11 plan proposed by the Debtor. The Bank agrees to vote in favor of Debtor's Plan, provided the terms contained in this Stipulation are incorporated in Debtor's Plan.

7. <u>Stipulation Controls.</u> To the extent that there is a conflict between the Debtor's Chapter 11 plan and this Stipulation, the terms of this Stipulation shall prevail and control.

8. <u>Consent to Use of Cash Collateral.</u> The Bank agrees that the Debtor may use its Cash Collateral, as more fully set forth in the Cash Collateral Stipulation filed concurrently herewith.

9. <u>Filing of Proof of Claim.</u> The Bank may file a proof of claim reflecting the allowed Secured Claim, plus any additional interest and attorneys' fees and costs that the Bank is entitled to as an oversecured creditor consistent with the terms of this Stipulation.

10. <u>Events of Default.</u> The occurrence of anyone or more of the following events shall constitute an "Event of Default" under this Stipulation: (i) Debtor fails to perform any of its obligations in accordance with the terms of this Stipulation, including: (A) the failure to make any payment to Bank as required herein or in the Loan Documents; (ii) the bankruptcy case is converted to a case under Chapter 7 or is dismissed; (iii) appointment of a trustee in this bankruptcy case; (iv) this Stipulation is reversed, vacated, stayed, amended, or supplemented without the consent of

Bank; or (v) the Debtor fails to confirm a plan of reorganization.

11. <u>Remedies Upon Default.</u> If an Event of Default occurs under this Stipulation, Bank shall give written notice via email of any such default to Debtor's counsel of record in the bankruptcy case (the "Default Notice"). Upon receipt of such notice, Debtor shall have ten (10) calendar days to cure the Event of Default if in the event the default is curable.

12. <u>Effect of Default.</u> Upon the expiration of the tenth (10th) day after delivery of the Default Notice, if Debtor has not (i) cured the Event of Default that is the subject of the Default Notice, or (ii) noticed an expedited hearing before the Court with respect to the Event of Default that is the subject of the Default Notice, the Debtor agrees that the Bank may, among other things, file a motion for relief from the automatic stay on an emergency basis, or a file motion to dismiss or convert the case.

13. <u>Guarantor's Liability.</u> The Guarantors' liability to the Bank shall in no way be discharged, altered, or affected by this Stipulation, or by any Chapter 11 plan of reorganization confirmed by the Debtor. The Guarantors, however, will receive credit for any payments made by the Debtor under the terms of this Stipulation.

14. <u>Plan Injunction.</u> Any injunction arising from a confirmed Chapter 11 plan expressly excludes and does not apply in any way to the Guarantors. Nothing herein is intended to prevent the Bank from pursuing the Guarantors.

15. <u>Revesting of Property.</u> If any Collateral revests in the reorganized debtor, then such Collateral will revest and shall remain subject to the Bank's senior-most perfected prepetition liens, the replacement liens, and any other replacement liens granted in this bankruptcy case, all of which are deemed valid, enforceable, and perfected as set forth herein, with such liens continuing in full force, effect, and perfection without interruption or without regard to the bankruptcy or any such revesting.

16. <u>Attorneys' Fees.</u> In any action to enforce the terms of this Stipulation, the prevailing party shall be entitled to its reasonable attorneys' fees and costs.

///

///

In Re Century Design, Inc.
Case No 25-03975-CL11
Stipulation for Plan Treatment

5

17. **Survival of Obligations.** The provisions of this Stipulation, and any actions taken in accordance with this Stipulation shall survive entry of any order that may be entered: (a) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; or dismissing this case.

18. **Execution in Counterparts.** This Stipulation may be executed electronically and in counterparts, each of which, when executed and delivered, shall be deemed an original, but all such counterparts together shall constitute but one and the same instrument.

The Bank and the Debtor hereby represent that they have read and fully understand the provisions of this Stipulation and agree to be bound by its terms.

Dated: November 10, 2025

BRODY & SHEMWELL, APC

By: _____
David W. Brody
Attorneys for Secured Creditor, CALIFORNIA BANK OF COMMERCE, N.A.

Dated: November 10, 2025

LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Sofya Davtyan
Attorneys for Debtor, CENTURY DESIGN INC.