| Fill in this information to identify the case: | |
|---|---|
| Debtor name **Century Design LLC** | |
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF CALIFORNIA | |
| Case number (if known) **25-03975-11** | ☐ Check if this is an amended filing |

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11          02/20

### Century Design LLC's Plan of Reorganization, Dated December 25, 2025

[If this Plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed Plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

   A. **Description and History of the Debtor's Business**

   On September 26, 2025, (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code. Debtor is continuing in possession of its property and is operating its business as debtor-in-possession pursuant to §§ 1107 and 1008.

   Debtor is a California corporation known for its leading-edge composite machinery. It started with providing tooling for the aerospace industry in 1959, and since then has included the introduction of several breakthrough machinery solutions. Debtor developed the first carbon prepreg machine in 1960 and invented graphite golf shafts and fishing rods in 1972. Its history of providing leading-edge composite machinery has resulted in over 2,500 machines being installed, globally, and over 200 new companies being launched.

   The Debtor does not hold an interest in any real estate. The Debtor's assets include the funds in the debtor-in-possession account, accounts receivable, inventory, furniture and fixtures, office equipment, with an estimated combined value of $890,370.00 based on the Debtor's October 2025 monthly operating report. See **Exhibit-A** for the current list of Debtor's assets and valuation as of plan confirmation.

   **Creditors of the Debtor**

   Debtor's secured creditors have claims totaling an estimated $872,476.80, including a 2014 UCC Statement and recorded Judgment Lien from 2025 held by secured creditor Bank of Southern California ("BSC"), s secured claim by Export-Import Bank of San Diego, and a secured claim by Kia finance for Debtor's leased vehicle.   Debtor's secured creditors and their treatment under this Plan are identified on **Exhibit B-1.**

   Debtor has one priority unsecured claim of $200 owed to the Internal Revenue Service.   See **Exhibit B-2.**

   Debtor's unsecured claims total an estimated $1,130,869.93 and consist of vendors, a worker's compensation claim, lawsuits, and legal fees. Debtor does not have any priority unsecured creditors. Debtor's general unsecured creditors and their treatment under this plan are identified on **Exhibit B-3.**

   **The filing of the present case:**
   The Debtor commenced its subchapter v chapter 11 case on September 26, 2025.   The United States Trustee appointed Jean Goddard as the subchapter v trustee (the "Trustee") on September 29, 2025 [Doc. No. 5].

   The Debtor is the party proposing this Plan of Reorganization (as may be amended or modified, the "Plan") and may be referred to herein as the "Plan Proponent." The effective date ("Effective Date") of this Plan is the first business day following the date that is 14 days after the entry of the order confirming this Plan (the "Confirmation Order"). If, however, a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

   B. **Liquidation Analysis**
   To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **E**.

   C. **Ability to make future plan payments and operate without further reorganization**
   The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

   The Plan Proponent has provided projected financial information as Exhibit **C**

   The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of approximately **$refer to Exhibit-C for details.**

   The final Plan payment is expected to be paid on **April 2031 (estimated).**

| Debtor | **Century Design LLC** | | Case number (*if known*) | **25-03975-11** |
|---|---|---|---|---|
| | Name | | | |

The Debtor's proposed 5-year projections itemize the Debtor's revenue source and the expenses for the next 5 years. The Debtor intends to fund the Plan from the continued operation of its business. Debtor's projections were prepared by carefully analyzing the historical income and expenses, the Debtor's performance during the present case, and the prospective income and expenses, with the recent changes made to its business operation.

## ▇ Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Century Design LLC** the *Debtor* from **business operation. See Exhibit-C for the 5-year projections. See also Exhibit-D for the Monthly Operating Report Summary.**

This Plan provides for:       **0**    classes of priority claims;

                **3**    classes of secured claims;

                **1**    classes of non-priority unsecured claims; and

                **1**    classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **5** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ▇ Article 2: Classification of Claims and Interests

| 2.01 | **Class 1** ................................. | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)). |
|---|---|---|
| | | **Debtor has no creditors in Class 1.** |
| 2.02 | **Class 2** ................................. | The claim of   **California Bank of Commerce Class 2(A), Export-Import Bank of San Diego (Class 2B),** and **Kia Finance (Class 2C)** to the extent allowed as a secured claim under § 506 of the Code. |
| | | **See Exhibit B-1 for the list of the secured creditors and their treatment under this plan.** |
| 2.03 | **Class 3** ................................. | All non-priority unsecured claims allowed under § 502 of the Code. |
| | | **Debtor classifies its unsecured claims into Class 3. See Exhibit B-3 for the list of general unsecured creditors and their treatment under this Plan (Class 3).** |
| 2.04 | **Class 4** ................................. | Equity interests of the Debtor. |
| | | **See Exhibit B-4 for the list of Equity Interest Holders.** |

## ▇ Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
|---|---|---|
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| | | **1. Law Offices of Michael Jay Berger ("Debtor's Bankruptcy Counsel") fees are estimated at $45,000.00 (subject to court approval) and are due upon the entry of the order approving the fee application. If not paid upon the entry of the order approving the fee application, the fees will be due in full by the Effective Date. Debtor's Bankruptcy Counsel is holding a post-petition retainer of $17,055.00 in his client trust account which will be applied toward approved fees and costs.   Debtor's Projections, Exhibit-C, Year #1.** |
| | | **2. Subchapter V Trustee, Jean Goddard: fees are estimated at $5,000.00. subject to court approval and are due upon the entry of the order approving the fee application. If not paid upon the entry of the order approving the fee application, the fees will be due in full by the Effective Date, unless agreed otherwise by the parties.   See Debtor's Projections, Exhibit-C, Year #1.** |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code]. |
| | | **Debtor has one small priority claim in the amount of $200 owed to the IRS.   Under the Plan, Debtor proposes to pay this priority claim in full on the Effective Date.** |

| Debtor | **Century Design LLC** | Case number (*if known*) **25-03975-11** |
|---|---|---|
| | Name | |

3.04 **Statutory fees**     All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05 **Prospective quarterly fees**   **N/A. There are no quarterly fees in subchapter v bankruptcy cases.**

## Article 4: Treatment of Claims and Interests Under the Plan

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3<br><br>**Debtor does not have any priority Class 1 claims.** | ☐ Impaired<br>☐ Unimpaired | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any.<br>For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the Effective Date of this Plan, or the date on which such claim is allowed by a final non-appealable order. Except: ____."]<br>[Add classes of priority claims, if applicable] |
| Class 2 – **Secured claim of**<br>**California Bank of Commerce (Class 2A)** | ☒ Impaired<br>☐ Unimpaired | **California Bank of Commerce (the "CBC") holds a secured claim in connection with an SBA Loan secured by a Commercial Security Agreement and UCC-1 Financing Statement (UCC-1 Financing Statement filed on September 12, 2014, Document No. 14-7428065118 for the estimated amount of $249,722.44 [POC #9] secured by Debtor's assets.**<br><br>**Treatment:** **CBC shall have an allowed fully Secured Claim in the amount of $249,722.44 ("Allowed Secured Claim").**<br><br>**The Allowed Secured Claim shall be paid in monthly payments of $4,000.00 per month, commencing on December I, 2025 and continuing on the first calendar or each successive month thereafter for fifty (59) months. Interest will continue to accrue on declining outstanding balance at the rate of 7.50% per annum. The remaining unpaid balance shall be all due and payable on the sixtieth (60) month, that is December I, 2030.**<br><br>**A true and correct copy of the Plan Treatment Stipulation between Debtor and CBC [docket 79] and Order approving Plan Treatment Stipulation [docket 82] are attached hereto as Exhibit-F, and its terms are fully incorporated herein by this reference.** |
| **Export-Import Bank of San Diego (Class 2B)** | ☒ Impaired<br>☐ Unimpaired | **Export-Import Bank of San Diego ("EXIM") holds a claim arising in connection with Working Capital Guarantee Program Borrower Agreement ("Borrower Agreement"). Pursuant to the Borrower Agreement, EXIM provided the Debtor with working capital to finance the manufacture, production, and subsequent export sale of the equipment. EXIM holds an estimated claim in the amount of $614,943.36 as of the petition date [POC #11] ("Allowed Claim").**<br><br>**Treatment:** **Under the Plan, the Debtor shall continue its ordinary-course business operations, complete manufacture of the equipment, and receive payment from the customer in the ordinary course. EXIM shall retain its lien on the assets subject to the Borrower Agreement and replacement collateral, and shall be paid the Allowed Claim over a period of five (5) years** |

Debtor    **Century Design LLC**                                              Case number (*if known*)  **25-03975-11**
Name

with interest (5%) sufficient to provide present value pursuant to 11 U.S.C. Sections 1129(b) and 1191. The monthly amortized payments to EXIM are $11,604.75, with the first payment of $11,604.75 due on the Effective Date, followed by 59 consecutive monthly payments thereafter, each in the amount of $11,604.75 and due on the first day of each month.

| Kia Finance (Class 2C) | ☒ Impaired<br>☐ Unimpaired | Kia holds a claim secured by Debtor's leased 2023 Kia.<br><br>**Treatment:**  Debtor intends to continue making the contractual monthly payments to Kia in the amount of $651/month.   At the end of the lease maturity date, the Debtor intends to purchase the vehicle. |
|---|---|---|
| **Class 3 – Non-priority unsecured creditors** | ☒ Impaired<br>☐ Unimpaired | **Class 3 includes the general unsecured claims with an estimated total of $1,130,869.93 (this amount is estimated because Romero's claim is disputed and Tachon's claim is filed with an unknown amount).**<br><br>**<u>Treatment:</u> Based on the liquidation analysis and the income valuation of the Debtor's assets, the holders of allowed general unsecured claims in Class 3 will receive a pro rata distribution from Debtor's pot plan.   If the total amount of general unsecured claims remains at approximately $1,130,869, the creditors in Class 3 will receive an estimated <u>5% pro-rata distribution</u> through the Plan.**<br><br>**The distribution to allowed general unsecured claims in Class 3 will be made monthly, with the first payment due on the Effective Date, followed by 59 consecutive payments, to be paid pro-rata to each holder of allowed general unsecured claim.** |
| Class 4 – **Equity security holders of the Debtor** | ☐ Impaired<br>☒ Unimpaired | **The equity security holders of the Debtor are identified on <u>Exhibit B-4</u>.**<br><br>**The equity security holder is Keith McConnell.   He will retain his interest unmodified in the reorganized debtor. See the attached Exhibit B-4 for the list of the equity security holder and his treatment under this Plan.** |

**Article 5: Allowance and Disallowance of Claims**

| Debtor | **Century Design LLC** | Case number (*if known*) | **25-03975-11** |
|---|---|---|---|
| | Name | | |

| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
|---|---|---|

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**Debtor filed an Objection to Claim #3 and Claim #4 filed by Gina Romero [docket 98]. The hearing on the Objection is set for January 16, 2026.**

**Debtor intends to file an objection to Claim #2 filed by Christelle Tachon.   Tachon filed a claim for an "Unknown" amount and has a pending state court complaint against the Debtor for a wage claim.**

**Debtor intends to file an objection to Claim #7 filed by Mitsubishi Gas Chemical America.   Debtor is currently manufacturing a machine for Mitsubishi and disputes owing any amount to Mitsubishi.**

| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. |
|---|---|---|

| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |
|---|---|---|

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a)   The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |
|---|---|---|

**(i) Commercial Multi-Tenant Lease between Carrol Industrial, L.P. ("Landlord") and Century Design Inc. ("Tenant") for the premises commonly known as 7030 Carroll Road, San Diego, CA 92121 ("Premises"). Pursuant to 1st Amendment to the Lease, the expiration date is July 31, 2026.   Current base rent is $7,640.50 + $1,239 estimated monthly CAM charges. Debtor wishes to assume the lease.**

**(ii) Lease agreement with Kia Finance for a 2023 Kia. Payments are current.   Debtor wishes to assume the lease.**

(b)   Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than    **30**    days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

**The Debtor's proposed 5-year projections itemize the Debtor's revenue sources and the expenses for the next 5-years. The Debtor intends to fund its Plan from the continued operation on its business. Debtor's projections were prepared by carefully analyzing the historical income and expenses, the Debtor's performance during the present case, and the prospective income and expenses, with the recent changes made to its business operation.**

## Article 8: General Provision

Debtor  **Century Design LLC**
_____
    Name

Case number (*if known*)  **25-03975-11**

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| | | **Equity Interests" means and includes (i) all of the outstanding shares of the Debtor's capital stock, (ii) any and all other outstanding equity interests in the Debtor, (iii) any and all outstanding options, restricted stock units, warrants and other rights exercisable for or convertible into any shares of the Debtor's capital stock or any other equity interests in the Debtor, and (iv) any and all contractual rights and other rights relating to any of the Equity Interests described in clauses (i), (ii) and/or (iii) above, including, without limitation, any and all rights under Debtor's Amended and Restated Certificate of Incorporation, Debtor's Amended and Restated Bylaws, any Right of First Refusal and Co-Sale Agreement, any Investors' Rights Agreement, any Voting Agreement, any Shareholders Agreement or other agreement among Debtor and any holder(s) of any Equity Interests, any Stock Option Agreement, any Restricted Stock Units Agreement and any Warrant.** |
| | | **"Reorganized Debtor" means the Debtor, as reorganized in accordance with the terms and provisions of the Plan, on and after the effective date. Wherever in the Plan and supporting documents the term "reorganized" precedes "Debtor," if shall mean the Debtor as reorganized on and after the effective date.** |
| 8.02 | **Effective Date and Disbursing Agent** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| | | Debtor's principal, Keith McConnell, shall act as the disbursing agent for payments due under this Plan. He shall not be compensated for his services as a disbursing agent. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of __California__ govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate Governance** | **The Debtor's current management includes Keith McConnell as the Debtor's President. Debtor reserves the right to make such amendments to its corporate governance documents as Debtor, in its sole discretion, desires to make, including, without limitation, amendments that remove and/or delete authorizations for, references to and/or descriptions of the rights, preferences or privileges of, any Equity interests cancelled and extinguishes under this Plan.** |

| Debtor | Century Design LLC | Case number (if known) | 25-03975-11 |
|---|---|---|---|
| | Name | | |

[8.08    **Retention of Jurisdiction**    The Bankruptcy Court, or other court of competent jurisdiction, will retain jurisdiction over the Debtor's Bankruptcy Case and any of the proceedings arising from, or relating to, the bankruptcy case pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law, including without limitation, such jurisdiction as is necessary to ensure that the purposes and intent of the Plan are carried out. Such retention includes, among other things, jurisdiction (a) to hear and determine any and all disputes regarding the operation and interpretation of the Plan and the Confirmation Order; (b) to hear and determine the allowance, classification, or priority of claims and interests upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding; (c) to hear and determine any and all disputes relating to the sale, refinance, or other disposition of property or any other assets revesting in the Reorganized Debtor under the Plan, including, but not limited to, the determination of the extent, validity, and priority of any lien asserted against such property and any disputes with respect to the transfer of title of any such property; (d) to construe anti take any action to enforce the Plan, the Confirmation Order, and any other order of the Court; (e) to issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the confirmation order, and all matters referred to in the Plan, and the confirmation order; (I) to determine all matters that may be pending before the Court in this case, or relate to property of the estate, on or before the effective date with respect to any person or entity related thereto; (g) to hear and determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date; (h) to hear and determine any request for payment of administrative expenses; (i) to hear and determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this case whether before, on, or after the Effective Date; (1) to hear and determine such other matters and for such other purposes as may be provided in the Confirmation Order, (k) to modify the Plan under section 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose; (l) except as otherwise provided in the Plan or the Confirmation Order, to issue injunctions to take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order, or the execution or implementation by any person or entity of the Plan or the confirmation order; (m) to issue such orders in aid of consummation of the Plan or the confirmation order, notwithstanding any otherwise applicable non-bankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules; and (n) to enter a final decree closing this case. If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of the Plan, such abstention, refusal or failure of exercise shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

## Article 9: Discharge

**[Discharge if the Debtor is a corporation under Subchapter V]**

(1) If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

   (i) imposed by this Plan; or

   (ii) to the extent provided in § 1141(d)(6).

   OR

(2) If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

   (i) on which the last payment is due after the first 3 years of the Plan, or as otherwise provided in § 1192;

   or

   (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

| Debtor | Century Design LLC | Case number (*If known*) | 25-03975-11 |
|---|---|---|---|
| | Name | | |

(a) Within five (5) business days of the effective date, the Debtor shall file with the court a Notice of the Plan's Effective Date.

(b)   Pursuant to 11 U.S.C. § 1183(c)(2), within 14 days after the Plan is substantially consummated, the Debtor shall file with the court and serve on the trustee, the United States trustee, and all parties in interest a notice of such substantial consummation.

(c)   The Debtor shall file with the court and serve on the United States Trustee and Subchapter V Trustee post-confirmation quarterly reports that shall include all of their respective disbursements for that quarter until the case is closed, converted, or dismissed.

(d)   In the event that the Debtor materially defaults in the performance of its obligation under the Plan by missing 3 consecutive payments and does not cure the default within fifteen (15) days after receipt of written notice of material default from the creditor to whom the performance is due, then the entity or individual to whom the performance is due may pursue such remedies as available at law or equity, and/or seek conversion or dismissal of the case under 11 U.S.C. §1112(b)(4)(N).   An event of material default occurring with respect to one claim shall not be an event of material default with respect to any other claim.

(e) Pursuant to LBR 3020-1(e), in the event of a conversion of Debtor's case to chapter 7, any assets of the Debtor that have not been disposed of, will be vested in the chapter 7 estate.

(f)   Termination of the Subchapter V Trustee's Services. Unless otherwise ordered by the Court, the Trustee's services shall terminate upon entry of the order approving the final fee application.

Respectfully submitted,

X _____
[Signature of the Plan Proponent]

Keith McConnell
[Printed name]

X  /s/ Michael Jay Berger
[Signature of the Attorney for the Plan Proponent]

Michael Jay Berger
[Printed name]

# EXHIBIT - A
# LIST OF ALL PROPERTY OF THE ESTATE AND VALUATION AS OF THE PLAN CONFIRMATION DATE

| Property Description | Valuation As of Plan Confirmation | Liquidation Value |
|---|---|---|
| Estimated DIP account balance | $250,000.00 | $250,000.00 |
| Inventory Assets | $60,000.00 | $60,000.00 |
| Account Receivables (cost & earnings in excess) | $515,000.00 | $515,000.00 |
| Furniture and Fixtures | $1,300.00 | $1,300.00 |
| Office equipment | $30,000.00 | $30,000.00 |
| Automobile (Kia) | $7,000.00 | $7,000.00 |
| Machinery and Equipment | $10,000.00 | $10,000.00 |
| *Total Value for the Assets* | **$873,300.00** | **$873,300.00** |

The valuation of assets is estimated based on the most recently filed monthly operating report and projected cash activity through the Effective Date.

# EXHIBIT B-1
## SECURED CLAIMS
### CENTURY DESIGN INC. / CASE NO: 3:25-bk-03975

| Secured Creditors | Class | Scheduled Amount | Proof of Claim Amount | Pre-Petition Arrearages | Disputed Yes/No | Total Allowed Secured Claim | Amount Paid on the Effective Date | Amount Paid After the Effective Date | Comments |
|---|---|---|---|---|---|---|---|---|---|
| California Bank of Commerce c/o Brody & Steinwell, APC 1350 Columbia Street, Suite 403, San Diego, CA 92101 [POC #9] | 2(A) | $214,016.79 | $249,722.44 | | No | $249,722.44 | $4,000.00 | $4,000.00 | Debtor and California Bank of Commerce entered into a Stipulation for Treatment of Claim through Debtor's Plan [docket 79; order approving Stipulation, docket 82]. |
| Export-Import Bank of San Diego Attn: Sandra Donzella, Managing Director, 9449 Balboa Ave., Ste 111, San Diego, CA 92123 [POC #11] | 2(B) | $593,055.05 | $614,943.36 | | No | $614,943.36 | $11,604.75 | | Claim will be paid in full over 60 months at 5% interest rate. Debtor also provides a replacement lien to creditor up to the value of its allowed secured claim. |
| Kia Finance PO Box 20825 Fountain Valley, CA 92728 | 2(C) | $7,811.00 | Proof of Claim Not Filed | | No | $7,811.00 | $651.00 | $651.00 | 2023 Kia Sportage (leased). Debtor intends to purchase the car at the end of the lease term. |
| *Total Liabilities* | | $814,882.84 | $864,665.80 | | | $872,476.80 | $16,255.75 | $4,651.00 | |

**EXHIBIT B-2**
**PRIORITY UNSECURED CLAIMS**
**CENTURY DESIGN INC. / CASE NO: 3:25-bk-03975**

| Priority Creditors | Class | Scheduled Amount | Proof of Claim Amount | Disputed Yes/No | Total Amount of Allowed Priority Unsecured Claim | Amount Paid on the Effective Date | Amount Paid After the Effective Date | Comments |
|---|---|---|---|---|---|---|---|---|
| Internal Revenue Service   PO Box 7346, Philadelphia, PA 19101-7346 [POC #5] | | n/a | $200.00 | No | $200.00 | $200.00 | n/a | one-time payment on the effective date. |
| *Total Liabilities* | | **$0.00** | **$200.00** | | **$200.00** | **$200.00** | **$0.00** | |

**EXHIBIT B-3**
**GENERAL UNSECURED CLAIMS**
**CENTURY DESIGN INC. / CASE NO: 3:25-bk-03975**

| General Unsecured Creditors | Class | Scheduled Amount | Proof of Claim Amount | Disputed Yes/No | Total Amount of Allowed Unsecured Claim | Amount Paid on the Effective Date | Amount Paid After the Effective Date | Comments |
|---|---|---|---|---|---|---|---|---|
| U-line 12575 Uline Drive, Pleasant Prairie, WI 53158 [POC #1] | 3 | Not scheduled | $180.18 | No | $180.18 | $0.15 | $0.15 | |
| Christelle Tachon c/o Gomez Trial Attorneys, Attn: Chandler Roth, Esq. 755 Front Street, San Diego, CA 92101 [POC #2] | 3 | Not scheduled | Unknown | Yes | Unknown | | | Debtor intends to file an objection to the claim. |
| Gemma Romero c/o Lehr Law, APC 1420 Kettner Blvd., Ste 100, San Diego, CA 92101 [POC #3 and #4] | 3 | Unknown | $6,306,319.19 | Yes | Unknown | | | Duplicate claim and judgment is void because it was entered post-petition. See Debtor's pending Motion Objecting to Romero's claim and Motion To Void Judgment. The parties are currently engaged in negotiations to resolve |
| Internal Revenue Service    PO Box 7346, Philadelphia, PA 19101-7346 [POC #5] | 3 | Not scheduled | $24,729.53 | No | $24,729.53 | $20.60 | $20.60 | |
| Carbitex, Inc. c/o Adam S. Hamburg; Vorys, Sater, Seymour and Pease LLP 2211 Michelson Drive, Ste 500, Irvine, CA 92612 [POC #6] | 3 | $525,000.00 | $614,372.99 | Yes | $614,372.99 | $511.97 | $511.97 | |

| Creditor | | Scheduled | POC | | Claim | | | Debtor disputes the liability and intends to file an objection unless it is able to resolve the claim informally with Mitsubishi. |
|---|---|---|---|---|---|---|---|---|
| Mitsubishi Gas Chemical America dba: NEXX Tech., c/o Hiroki Okihara, 655 Third Ave 19th Floor, New York, NY 10017 [POC #7] | 3 | Not scheduled | $68,128.10 | Yes | $68,128.10 | $56.77 | $56.77 | Debtor disputes the liability and intends to file an objection unless it is able to resolve the claim informally with Mitsubishi. |
| Gupta and Ayres, PC dba Gupta Evans and Ayres, PC 5353 Mission Center Road, Ste 215, San Diego, CA 92108 [POC #8] | 3 | $146,713.00 | $170,054.29 | Yes | $170,054.29 | $141.71 | $141.71 | |
| Pettit Kohn Ingrassia Lutz & Dolin PC 11622 El Camino Real, Suite 300, San Diego, CA 92130 [POC #10] | 3 | Not scheduled | $530.00 | No | $530.00 | $0.44 | $0.44 | |
| Amor Works 6677 W Frye Rd Ste 24, Chandler, AZ 85226 | 3 | $9,210.00 | POC not filed | No | $9,210.00 | $7.67 | $7.67 | |
| Applied Industrial Tech 701 W Anaheim St., Long Beach, CA 90813 | 3 | $1,822.32 | POC not filed | No | $1,822.32 | $1.51 | $1.51 | |
| Basso Family Ventures Attn: Jason Baker, Esq. 5820 Oberlin Dr. Ste. 205, San Diego, CA 92121 | 3 | $196,177.50 | POC not filed | No | $196,177.50 | $163.48 | $163.48 | |
| Capital One Bank PO Box 60024, City of Industry, CA 91716 | 3 | $7,151.00 | POC not filed | No | $7,151.00 | $5.95 | $5.95 | |
| D Tech Precision 16151 Cairnway Dr, Suite 100, Houston TX 77084 | 3 | $1,845.12 | POC not filed | No | $1,845.12 | $1.53 | $1.53 | |
| Desert Powder Coating, LLC 3883 W Lower Buckeye Rd, Phoenix AZ 85009 | 3 | $3,623.83 | POC not filed | No | $3,623.83 | $3.01 | $3.01 | |
| Electrical Sales Inc. 2300 La Mirada Dr, Vista CA 92081 | 3 | $1,318.34 | POC not filed | No | $1,318.34 | $1.09 | $1.09 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Flexy Foam    2155 Paseo de las Americas, Ste 34, San Diego, CA 92154 | 3 | $636.00 | POC not filed | No | $636.00 | $0.53 | $0.53 |
| Isel USA, Inc.   69 Bloomingdale Rd., Hicksville, NY 11801 | 3 | $3,965.18 | POC not filed | No | $3,965.18 | $3.30 | $3.30 |
| KTL Manufacturing   6700 Gateway Park Dr., San Diego, CA 92154 | 3 | $6,053.86 | POC not filed | No | $6,053.86 | $5.04 | $5.04 |
| Next Point Bearing / Global Bearing & Com, 28364 Ave Crocker, Valencia, CA 91355 | 3 | $3,778.00 | POC not filed | No | $3,778.00 | $3.14 | $3.14 |
| R2R Engineering, LLC    260 Industrial Drive, Wauconda, IL 60084 | 3 | $10,063.75 | POC not filed | No | $10,063.75 | $8.38 | $8.38 |
| Roll-2-Roll Technologies  1110 S Innovation Dr, Stillwater, OK 74074 | 3 | $5,543.94 | POC not filed | No | $5,543.94 | $4.61 | $4.61 |
| The Freeman Company, 3801 Adler Dr. Suite 100, Dallas, TX 75211 | 3 | $1,686.00 | POC not filed | No | $1,686.00 | $1.40 | $1.40 |
| *Total Liabilities* | | $924,587.84 | $7,184,314.28 | | $1,130,869.93 | $942.28 | $942.28 |

**EXHIBIT B-4**
**INTEREST HOLDERS**
**CENTURY DESIGN INC. / CASE NO: 3:25-bk-03975**

| INTEREST HOLDERS | Class | Scheduled Amount | Claimed Amount | Disputed Yes/No | Total Amount of Allowed Unsecured Claim | Amount Due on Effective Date | Amount Paid After the Effective Date | Comments |
|---|---|---|---|---|---|---|---|---|
| Keith McConnell | Class 4 | None | N/A | No | N/A | N/A | N/A | Mr. McConnel is the President and a 100% shareholder. He does not hold a claim against Debtor's estate. He will retain his interest in the reorganized debtor following plan confirmation. |
| Total Liabilitite | | | N/A | | | | | |

# EXHIBIT D / Monthly Operating Report Summmary

| MONTH | TOTAL CASH RECEIPTS | TOTAL CASH DISBURSEMENTS | NET CASH FLOW |
|---|---|---|---|
| September 2025 | $9,030.98 | $12,845.52 | ($3,814.65) |
| October 2025 | $432,780.50 | $55,797.39 | $376,983.11 |
| | | | |
| *Total Cash Receipts / Total Cash Disbursements* | *$441,811.48* | *$68,642.91* | *$373,168.46* |

Debtor has been in the case for a short period of time. The September MOR figures are not accurate because the case was filed on September 26, 2025 and the MOR reports the receipts and disbursements only for September 26, 2025 - September 30, 2025 period.

# EXHIBIT – E
# LIQUIDATION ANALYSIS

| Liquidation Analysis | Total Amount | Real Property | Personal Property |
|---|---|---|---|
| Total Property Value | $873,300.00 * | $0.00 | $873,300.00 |
| Less: | | | |
| Secured Claims (per | | | |
| Exhibit B-1) | $872,476.80 | | $872,476.80 |
| | ---------------- | ---------------- | ---------------- |
| Interest in Nonexempt Property | $823.20 | $0.00 | $823.20 |
| Less: | | | |
| Estimated Ch 7 Admin Expenses | | $20,000.00 | |
| Estimated BK Counsel Fee, Sub V Trustee | | | |
| (see Plan, Section 3.02 for Administrative Claims) | | $32,945.00 | |
| Schedule E. Priority Claims (see Exhibit B-2) | | $200.00 (see Exhibit B-2 and Plan, Section 3.03) | |
| | | ---------------- | |
| Available to General Unsecured (see Exhibit B-3) determined) | | $0.00 (estimated until the Priority Claims are | |
| | | | |
| Total General Unsecured (Class 3) | | $1,130,869.93 | |
| See Exhibit B-3 for more details. | | | |
| Percent Distribution Under Chapter 7 Liquidation | | 0.00% | |
| Percent Distribution Under Chapter 11 Plan | | **5%** | |

*NOTE: See **EXHIBIT A** for more details on Total Property Value



David W. Brody, CSB 112373
Kenneth R. Shemwell, CSB 279832
BRODY & SHEMWELL, APC
1350 Columbia Street, Suite 403
San Diego, California 92101
Telephone: (619) 546-9200
Facsimile: (619) 546-9270
E-mail: dbrody@brody-law.com

Attorneys for Secured Creditor
CALIFORNIA BANK OF COMMERCE

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In Re:                                            )    Case No. 25-03975-CL11
                                                  )
CENTURY DESIGN, INC.,                             )    STIPULATION FOR PLAN TREATMENT
                                                  )    BETWEEN SECURED CREDITOR
                                                  )    CALIFORNIA BANK OF COMMERCE AND
                                                  )    DEBTOR CENTURY DESIGN, INC.
        Debtor.                                   )
                                                  )    Chapter 11
                                                  )
                                                  )    ASSIGNED FOR ALL PURPOSES TO:
                                                  )    HONORABLE CHRISTOPHER B. LATHAM
                                                  )
                                                  )    [Hearing not required, unless requested]
                                                  )
                                                  )
_____)

        Secured Creditor California Bank of Commerce ("Bank" and/or "Secured Party") and

Debtor Century Design, Inc. ("Debtor"), by and through their counsel of record, hereby enter this

Stipulation for Treatment of the Bank's Claim ("Stipulation") based on the following:

I.

**RECITALS**

        A.      On or about September 26, 2014, the Debtor executed a U.S. Small Business

Administration ("Note") in the original principal amount of $1.3 million ("Loan") in favor of the

Bank.  The original maturity date of the Note was October 1, 2022, but the Bank extended the

maturity date one year to October 1, 2023 in connection with a Forbearance Agreement executed

In Re Century Design, Inc.
Case No. 25-03975-CL11
Stipulation for Plan Treatment

1   in favor of the Bank.

2       B.    To secure repayment of the Note, on September 26, 2014, the Debtor executed a

3   Commercial Security Agreement granting the Bank a first-priority security interest in substantially

4   all personal property owned by the Debtor, including, but not limited to, all inventory, accounts,

5   equipment, deposit accounts, chattel paper, fixtures, instruments, money, other rights to payment

6   and performance, and general intangibles, as more fully set forth in the Commercial Security

7   Agreement (the "Collateral").

8       C.    The Bank's first-priority security interest in the Collateral is perfected by the filing

9   of a UCC-1 Financing Statement, filed on September 12, 2014 as Document No. 14-7428065118,

10  the effectiveness of which was extended by the filing of subsequent Continuation Statements. The

11  Note, Commercial Security Agreement, and UCC-1 Financing Statements are collectively referred

12  to herein as the "Loan Documents."

13      D.    The Debtor defaulted on the Note by failing to repay all sums due and owing at

14  maturity.

15      E.    On February 1, 2024, the Bank subsequently filed a lawsuit in the San Diego

16  Superior Court as Case No. 37-2024-00004682-CU-BC-CTL to reduce the debt to judgment. On

17  1, 2025, Judgment was entered in the amount of $214,016.79 ("Judgment") in favor of the Bank

18  and against the Debtor, Keith McConnell, and KMC Equity, Inc ("Guarantors").

19  **Jurisdiction and Venue**

20      F.    On September 26, 2025 ("Petition Date"), the Debtor filed the instant bankruptcy

21  case under Chapter 11, Subchapter V of Title 11 of the United States Code, in the United States

22  Bankruptcy Court for the Southern District of California, Case No. 25-03975-CL11 (the

23  "Bankruptcy Case").

24      G.    This Court has jurisdiction over the bankruptcy case, the parties, and the property

25  affected thereto, pursuant to 28 U.S.C. §§ 157(b) and 1334. This proceeding is a core proceeding

26  pursuant to 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409.

27  ///

28  ///

In Re Century Design, Inc
Case No 25-03975-CL11
Stipulation for Plan Treatment

2

1    H.    The Bank and the Debtor have met and conferred regarding the treatment of the

2    Bank's claim through any Chapter 11 plan of reorganization proposed by the Debtor and have

3    agreed to enter into this Stipulation to memorialize the terms.

4        IT IS HEREBY STIPULATED AGREED TO between Debtor and Bank as follows:

5                                    **II.**

6                              **STIPULATION**

7    1.    <u>Recitals</u>.  The Recitals outlined above are hereby incorporated in full as part of this

8    Stipulation, and Bank and Debtor (collectively, "Parties") agree that the contents of the Recitals

9    are true and correct.

10   2.    <u>Validity of Bank's Debt.</u>  As of the Petition Date, the Bank is owed the principal sum

11   of $214,016.79, plus accrued interest thereon at the legal rate of 10.0% per annum, attorneys' fees

12   and costs.  The indebtedness evidenced by the Loan Documents and Judgment is valid and

13   enforceable against the Debtor.  The Bank's security interest is in first-position against the

14   Collateral.  The Debtor acknowledges and agrees that as of the date of this Stipulation, there are no

15   disputes, offsets, defenses, reductions, and/or counterclaims as to the amount of the debt the Debtor

16   owes to the Bank.

17   3.    <u>Treatment of Bank's Claim.</u>  The Bank shall have an allowed fully Secured Claim in

18   the amount of $238,260.67 ("Secured Claim"), which is compromised as follows as of November

19   7, 2025:

| | |
|---|---|
| Judgment Principal | $ 214,016.79 |
| Interest (as of 11/7/25) | $    7,563.88 |
| Estimated Attorneys' Fees (as of 10/31/25) | $   16,680.00 |
| **Total** | **$ 238,260.67** |

24   The Debtor expressly agrees that the Bank is an oversecured creditor within the meaning of 11

25   U.S.C. 506(b).  The Debtor also agrees that the attorneys' fees listed herein are estimated and will

26   continue to increase.

27   ///

28   //

4.    The Bank's Secured Claim shall be repaid as follows:

    a.    Monthly payments of $4,000.00 per month, commencing on December 1, 2025, and continuing on the first calendar of each successive month thereafter for fifty-nine (59)

    b.    Interest will continue to accrue on declining outstanding balance at the rate of 7.50% per annum;

    c.    The remaining unpaid balance shall be all due and payable on the sixtieth (60th) month, that is, December 1, 2030.

5.    <u>Incorporation into Chapter 11 Plan.</u> The terms contained in this Stipulation shall be incorporated into, and shall govern the treatment of the Bank's Allowed Secured Claim in any Chapter 11 plan filed by the Debtor.

6.    <u>Claim Treatment.</u> The Bank agrees that payment terms contained in this Stipulation shall constitute the agreed-upon treatment of the Bank's Secured Claim in any Chapter 11 plan proposed by the Debtor. The Bank agrees to vote in favor of Debtor's Plan, provided the terms contained in this Stipulation are incorporated in Debtor's Plan.

7.    <u>Stipulation Controls.</u> To the extent that there is a conflict between the Debtor's Chapter 11 plan and this Stipulation, the terms of this Stipulation shall prevail and control.

8.    <u>Consent to Use of Cash Collateral.</u> The Bank agrees that the Debtor may use its Cash Collateral, as more fully set forth in the Cash Collateral Stipulation filed concurrently herewith.

9.    <u>Filing of Proof of Claim.</u> The Bank may file a proof of claim reflecting the allowed Secured Claim, plus any additional interest and attorneys' fees and costs that the Bank is entitled to as an oversecured creditor consistent with the terms of this Stipulation.

10.    <u>Events of Default.</u> The occurrence of anyone or more of the following events shall constitute an "Event of Default" under this Stipulation:  (i) Debtor fails to perform any of its obligations in accordance with the terms of this Stipulation, including: (A) the failure to make any payment to Bank as required herein or in the Loan Documents; (ii) the bankruptcy case is converted to a case under Chapter 7 or is dismissed; (iii) appointment of a trustee in this bankruptcy case; (iv) this Stipulation is reversed, vacated, stayed, amended, or supplemented without the consent of

In Re Century Design, Inc
Case No. 25-03975-CL11
Stipulation for Plan Treatment

4

1     Bank; or (v) the Debtor fails to confirm a plan of reorganization.

2        11.    <u>Remedies Upon Default.</u> If an Event of Default occurs under this Stipulation, Bank

3     shall give written notice via email of any such default to Debtor's counsel of record in the

4     bankruptcy case (the "Default Notice"). Upon receipt of such notice, Debtor shall have ten (10)

5     calendar days to cure the Event of Default if in the event the default is curable.

6        12.    <u>Effect of Default.</u> Upon the expiration of the tenth (10th) day after delivery of the

7     Default Notice, if Debtor has not (i) cured the Event of Default that is the subject of the Default

8     Notice, or (ii) noticed an expedited hearing before the Court with respect to the Event of Default

9     that is the subject of the Default Notice, the Debtor agrees that the Bank may, among other things,

10     file a motion for relief from the automatic stay on an emergency basis, or a file motion to dismiss

11     or convert the case.

12        13.    <u>Guarantor's Liability.</u> The Guarantors' liability to the Bank shall in no way be

13     discharged, altered, or affected by this Stipulation, or by any Chapter 11 plan of reorganization

14     confirmed by the Debtor. The Guarantors, however, will receive credit for any payments made by

15     the Debtor under the terms of this Stipulation.

16        14.    <u>Plan Injunction.</u> Any injunction arising from a confirmed Chapter 11 plan expressly

17     excludes and does not apply in any way to the Guarantors. Nothing herein is intended to prevent

18     the Bank from pursuing the Guarantors.

19        15.    <u>Revesting of Property.</u> If any Collateral revests in the reorganized debtor, then such

20     Collateral will revest and shall remain subject to the Bank's senior-most perfected prepetition liens,

21     the replacement liens, and any other replacement liens granted in this bankruptcy case, all of which

22     are deemed valid, enforceable, and perfected as set forth herein, with such liens continuing in full

23     force, effect, and perfection without interruption or without regard to the bankruptcy or any such

24     revesting.

25        16.    <u>Attorneys' Fees.</u> In any action to enforce the terms of this Stipulation, the prevailing

26     party shall be entitled to its reasonable attorneys' fees and costs.

27     ///

28     ///

17.    <u>Survival of Obligations.</u>  The provisions of this Stipulation, and any actions taken in accordance with this Stipulation shall survive entry of any order that may be entered: (a) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; or dismissing this case.

18.    <u>Execution in Counterparts.</u> This Stipulation may be executed electronically and in counterparts, each of which, when executed and delivered, shall be deemed an original, but all such counterparts together shall constitute but one and the same instrument.

The Bank and the Debtor hereby represent that they have read and fully understand the provisions of this Stipulation and agree to be bound by its terms.

Dated: November 10, 2025            BRODY & SHEMWELL, APC

By: _____
    David W. Brody
    Attorneys for Secured Creditor, CALIFORNIA
    BANK OF COMMERCE, N.A.

Dated: November 10, 2025            LAW OFFICES OF MICHAEL JAY BERGER

By: _____
    Sofya Davtyan
    Attorneys for Debtor, CENTURY DESIGN INC.

CSD 1001A [07/01/18]
Name, Address, Telephone No. & I.D. No.

David W. Brody / Kenneth R. Shemwell        SBN: 1123723 / 279832
BRODY & SHEMWELL, APC
1350 Columbia Street, Suite 403
San Diego, CA 92101
(619) 546-9200        Fax:  (619) 546-9270
Email: dbrody@brody-law.com
Attorney for: Secured Creditor, CALIFORNIA BANK OF COMMERCE

Order Entered on
November 14, 2025
by Clerk U.S. Bankruptcy Court
Southern District of California

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

CENTURY DESIGN, INC.

Debtor.

BANKRUPTCY NO. 25-03975-CL11

Date of Hearing: November 10, 2025
Time of Hearing: 2:00 p.m.
Name of Judge:  Hon. Christopher B. Latham

## COURT MODIFIED ORDER ON

### STIPULATION FOR PLAN TREATMENT BETWEEN SECURED CREDITOR CALIFORNIA BANK OF COMMERCE AND DEBTOR CENTURY DESIGN, INC.

The court orders as set forth on the continuation pages attached and numbered __2__ through __9__ with

exhibits, if any, for a total of __9__ pages. Motion/Application Docket Entry No. __79__ .

//

//

//

//

//

//

//

DATED:   November 14, 2025

_____
Judge, United States Bankruptcy Court

CSD 1001A

**CSD 1001A** [07/01/18] **(Page 2)**
<span style="color:red">COURT MODIFIED</span> ORDER ON  STIPULATION FOR PLAN TREATMENT BETWEEN SECURED CREDITOR CALIFORNIA BANK
DEBTOR: CENTURY DESIGN, INC.                    CASE NO: 25-03975-CL11

The court, having reviewed the Stipulation for Plan Treatment Between Secured Creditor California

Bank of Commerce and Debtor Century Design, Inc. ("Stipulation"), now orders:

1)     The Stipulation, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated

herein by this reference, is approved as follows;

2)      The terms governing treatment of California Bank of Commerce's secured claim are as to Debtor's

eventual proposed plan, and remain subject to objection by other interested parties and plan confirmation

requirements;

3)      The court may consider the stipulation in analyzing whether to approve the reorganization plan;

however, the stipulation is not by this order deemed to be a final, incorporated term of the eventual

approved plan.

IT IS SO ORDERED.

CSD 1001A

# EXHIBIT "A"

1

2  David W. Brody, CSB 112373
   Kenneth R. Shemwell, CSB 279832
3  BRODY & SHEMWELL, APC
   1350 Columbia Street, Suite 403
4  San Diego, California 92101
   Telephone: (619) 546-9200
   Facsimile: (619) 546-9270
5  E-mail: dbrody@brody-law.com

6
   Attorneys for Secured Creditor
7  CALIFORNIA BANK OF COMMERCE

8              UNITED STATES BANKRUPTCY COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  In Re:                              )  Case No. 25-03975-CL11
                                        )
12  CENTURY DESIGN, INC.,               )  STIPULATION FOR PLAN TREATMENT
                                        )  BETWEEN SECURED CREDITOR
13                                      )  CALIFORNIA BANK OF COMMERCE AND
                                        )  DEBTOR CENTURY DESIGN, INC.
14            Debtor.                   )
                                        )  Chapter 11
15                                      )
                                        )  ASSIGNED FOR ALL PURPOSES TO:
16                                      )  HONORABLE CHRISTOPHER B. LATHAM
                                        )
17                                      )  [Hearing not required, unless requested]
                                        )
18                                      )
                                        )
19  ─────────────────────────────────  )

20        Secured Creditor California Bank of Commerce ("Bank" and/or "Secured Party") and

21  Debtor Century Design, Inc. ("Debtor"), by and through their counsel of record, hereby enter this

22  Stipulation for Treatment of the Bank's Claim ("Stipulation") based on the following:

23                                   I.

24                               RECITALS

25        A.    On or about September 26, 2014, the Debtor executed a U.S. Small Business

26  Administration ("Note") in the original principal amount of $1.3 million ("Loan") in favor of the

27  Bank. The original maturity date of the Note was October 1, 2022, but the Bank extended the

28  maturity date one year to October 1, 2023 in connection with a Forbearance Agreement executed

1   in favor of the Bank.

2        B.    To secure repayment of the Note, on September 26, 2014, the Debtor executed a

3   Commercial Security Agreement granting the Bank a first-priority security interest in substantially

4   all personal property owned by the Debtor, including, but not limited to, all inventory, accounts,

5   equipment, deposit accounts, chattel paper, fixtures, instruments, money, other rights to payment

6   and performance, and general intangibles, as more fully set forth in the Commercial Security

7   Agreement (the "Collateral").

8        C.    The Bank's first-priority security interest in the Collateral is perfected by the filing

9   of a UCC-1 Financing Statement, filed on September 12, 2014 as Document No. 14-7428065118,

10  the effectiveness of which was extended by the filing of subsequent Continuation Statements. The

11  Note, Commercial Security Agreement, and UCC-1 Financing Statements are collectively referred

12  to herein as the "Loan Documents."

13       D.    The Debtor defaulted on the Note by failing to repay all sums due and owing at

14  maturity.

15       E.    On February 1, 2024, the Bank subsequently filed a lawsuit in the San Diego

16  Superior Court as Case No. 37-2024-00004682-CU-BC-CTL to reduce the debt to judgment. On

17  1, 2025, Judgment was entered in the amount of $214,016.79 ("Judgment") in favor of the Bank

18  and against the Debtor, Keith McConnell, and KMC Equity, Inc ("Guarantors").

19      **Jurisdiction and Venue**

20       F.    On September 26, 2025 ("Petition Date"), the Debtor filed the instant bankruptcy

21  case under Chapter 11, Subchapter V of Title 11 of the United States Code, in the United States

22  Bankruptcy Court for the Southern District of California, Case No. 25-03975-CL11 (the

23  "Bankruptcy Case").

24       G.    This Court has jurisdiction over the bankruptcy case, the parties, and the property

25  affected thereto, pursuant to 28 U.S.C. §§ 157(b) and 1334. This proceeding is a core proceeding

26  pursuant to 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409.

27  ///

28  ///

In Re Century Design, Inc.
Case No. 25-03975-CL11
Stipulation for Plan Treatment

2

H.    The Bank and the Debtor have met and conferred regarding the treatment of the Bank's claim through any Chapter 11 plan of reorganization proposed by the Debtor and have agreed to enter into this Stipulation to memorialize the terms.

IT IS HEREBY STIPULATED AGREED TO between Debtor and Bank as follows:

II.

## STIPULATION

1.    Recitals. The Recitals outlined above are hereby incorporated in full as part of this Stipulation, and Bank and Debtor (collectively, "Parties") agree that the contents of the Recitals are true and correct.

2.    Validity of Bank's Debt. As of the Petition Date, the Bank is owed the principal sum of $214,016.79, plus accrued interest thereon at the legal rate of 10.0% per annum, attorneys' fees and costs. The indebtedness evidenced by the Loan Documents and Judgment is valid and enforceable against the Debtor. The Bank's security interest is in first-position against the Collateral. The Debtor acknowledges and agrees that as of the date of this Stipulation, there are no disputes, offsets, defenses, reductions, and/or counterclaims as to the amount of the debt the Debtor owes to the Bank.

3.    Treatment of Bank's Claim. The Bank shall have an allowed fully Secured Claim in the amount of $238,260.67 ("Secured Claim"), which is compromised as follows as of November 7, 2025:

| | |
|---|---|
| Judgment Principal | $ 214,016.79 |
| Interest (as of 11/7/25) | $ 7,563.88 |
| Estimated Attorneys' Fees (as of 10/31/25) | $ 16,680.00 |
| **Total** | $ 238,260.67 |

The Debtor expressly agrees that the Bank is an oversecured creditor within the meaning of 11 U.S.C. 506(b). The Debtor also agrees that the attorneys' fees listed herein are estimated and will continue to increase.

///

//

In Re Century Design, Inc.
Case No. 25-03975-CL11
Stipulation for Plan Treatment

3

4.    The Bank's Secured Claim shall be repaid as follows:

a.    Monthly payments of $4,000.00 per month, commencing on December 1, 2025, and continuing on the first calendar of each successive month thereafter for fifty-nine (59)

b.    Interest will continue to accrue on declining outstanding balance at the rate of 7.50% per annum;

c.    The remaining unpaid balance shall be all due and payable on the sixtieth (60th) month, that is, December 1, 2030.

5.    Incorporation into Chapter 11 Plan. The terms contained in this Stipulation shall be incorporated into, and shall govern the treatment of the Bank's Allowed Secured Claim in any Chapter 11 plan filed by the Debtor.

6.    Claim Treatment. The Bank agrees that payment terms contained in this Stipulation shall constitute the agreed-upon treatment of the Bank's Secured Claim in any Chapter 11 plan proposed by the Debtor. The Bank agrees to vote in favor of Debtor's Plan, provided the terms contained in this Stipulation are incorporated in Debtor's Plan.

7.    Stipulation Controls. To the extent that there is a conflict between the Debtor's Chapter 11 plan and this Stipulation, the terms of this Stipulation shall prevail and control.

8.    Consent to Use of Cash Collateral. The Bank agrees that the Debtor may use its Cash Collateral, as more fully set forth in the Cash Collateral Stipulation filed concurrently herewith.

9.    Filing of Proof of Claim. The Bank may file a proof of claim reflecting the allowed Secured Claim, plus any additional interest and attorneys' fees and costs that the Bank is entitled to as an oversecured creditor consistent with the terms of this Stipulation.

10.    Events of Default. The occurrence of anyone or more of the following events shall constitute an "Event of Default" under this Stipulation:  (i) Debtor fails to perform any of its obligations in accordance with the terms of this Stipulation, including: (A) the failure to make any payment to Bank as required herein or in the Loan Documents; (ii) the bankruptcy case is converted to a case under Chapter 7 or is dismissed; (iii) appointment of a trustee in this bankruptcy case; (iv) this Stipulation is reversed, vacated, stayed, amended, or supplemented without the consent of

In Re Century Design, Inc
Case No. 25-03975-CL11
Stipulation for Plan Treatment

4

1   Bank; or (v) the Debtor fails to confirm a plan of reorganization.

2       11.  Remedies Upon Default. If an Event of Default occurs under this Stipulation, Bank

3   shall give written notice via email of any such default to Debtor's counsel of record in the

4   bankruptcy case (the "Default Notice"). Upon receipt of such notice, Debtor shall have ten (10)

5   calendar days to cure the Event of Default if in the event the default is curable.

6       12.  Effect of Default. Upon the expiration of the tenth (10th) day after delivery of the

7   Default Notice, if Debtor has not (i) cured the Event of Default that is the subject of the Default

8   Notice, or (ii) noticed an expedited hearing before the Court with respect to the Event of Default

9   that is the subject of the Default Notice, the Debtor agrees that the Bank may, among other things,

10   file a motion for relief from the automatic stay on an emergency basis, or a file motion to dismiss

11   or convert the case.

12       13.  Guarantor's Liability. The Guarantors' liability to the Bank shall in no way be

13   discharged, altered, or affected by this Stipulation, or by any Chapter 11 plan of reorganization

14   confirmed by the Debtor. The Guarantors, however, will receive credit for any payments made by

15   the Debtor under the terms of this Stipulation.

16       14.  Plan Injunction. Any injunction arising from a confirmed Chapter 11 plan expressly

17   excludes and does not apply in any way to the Guarantors. Nothing herein is intended to prevent

18   the Bank from pursuing the Guarantors.

19       15.  Revesting of Property. If any Collateral revests in the reorganized debtor, then such

20   Collateral will revest and shall remain subject to the Bank's senior-most perfected prepetition liens,

21   the replacement liens, and any other replacement liens granted in this bankruptcy case, all of which

22   are deemed valid, enforceable, and perfected as set forth herein, with such liens continuing in full

23   force, effect, and perfection without interruption or without regard to the bankruptcy or any such

24   revesting.

25       16.  Attorneys' Fees. In any action to enforce the terms of this Stipulation, the prevailing

26   party shall be entitled to its reasonable attorneys' fees and costs.

27   ///

28   ///

In Re Century Design, Inc.
Case No 25-03975-CL11
Stipulation for Plan Treatment

5

1      17.   <u>Survival of Obligations.</u>  The provisions of this Stipulation, and any actions taken

2 in accordance with this Stipulation shall survive entry of any order that may be entered: (a)

3 converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; or dismissing

4 this case.

5      18.   <u>Execution in Counterparts.</u> This Stipulation may be executed electronically and in

6 counterparts, each of which, when executed and delivered, shall be deemed an original, but all such

7 counterparts together shall constitute but one and the same instrument.

8      The Bank and the Debtor hereby represent that they have read and fully understand the

9 provisions of this Stipulation and agree to be bound by its terms.

10

11 Dated: November 10, 2025         BRODY & SHEMWELL, APC

12

13                  By: _____

                         David W. Brody

14                       Attorneys for Secured Creditor, CALIFORNIA
                       BANK OF COMMERCE, N.A.

15

16

17 Dated: November 10, 2025         LAW OFFICES OF MICHAEL JAY BERGER

18                  By: _____

19                       Sofya Davtyan

                       Attorneys for Debtor, CENTURY DESIGN INC.

20

21

22

23

24

25

26

27

28 In Re Century Design, Inc
   Case No. 25-03975-CL11             6
   Stipulation for Plan Treatment